IN THE CIRCUIT COURT OF SUNFLOWER COUNTY, STATE OF MISSISSIPPI

CAUSE NO.: _____

IN RE: JAMES R. BOBO

IN THE MATTER OF:

STATE OF MISSISSIPPI, UPON CRIMINAL AFFIDAVIT BY EARNEST LEE

V.

JAMES R. BOBO, IN HIS CAPACITY AS AN INVESTIGATOR FOR MDOC

**FILED**

MAR 13 2017

CAROLYN P. HAMILTON

BY_____ D.C.

---

JAMES R. BOBO'S FIRST AMENDED NOTICE OF SPECIAL
APPEARANCE & FOR EXPEDITED APPLICATION:
MOTION FOR M.R.C.P. 65 PROTECTION
& PETITION FOR EXTRAORDINARY RELIEF

---

### INTRODUCTION & OVERVIEW

Petitioner, James R. Bobo, seeks extraordinary relief and expedited judgment against persons acting for the State of Mississippi, In a prosecutorial capacity as well as Earnest Lee (Lee) for impending injury in-fact and law.

### FACTUAL BACKGROUND

1.      James Bobo, Petitioner, ("Bobo') is classified as an Internal Affairs Coordinator who serves as an Investigator with the Criminal Investigations Division (CID) for the Mississippi Department of Corrections (MDOC) at the Mississippi State Penitentiary located in Parchman Mississippi.

2.      On or about February 16, 2017 the Circuit Clerk's Office of Sunflower County issued a Writ to Bobo compelling his appearance at a probable cause hearing to testi5r for the State of Mississippi. Bobo is the Defendant.

3.     Acknowledging there exists statutory penalties in the event of non-compliance, Petitioner's appearance is designated to be a special appearance in preservation of any jurisdictional defenses and to address the matters before this Honorable Court.

4.     The legislature provides heightened protections for Bobo in matters of this type, including a probable cause hearing. This protection becomes effective when it is alleged Bobo violated Mississippi criminal statutes during the exercise of his duties as a peace officer for the State of Mississippi.

5.     Earnest Lee (Lee") is the Superintendent of the Mississippi State Penitentiary at Parchman. Recently, and while Bobo acted in compliance with MDOC administrative procedures, Lee filed a criminal charging affidavit against Bobo under an unspecified statute. It is believed that Lee's affidavit serves as the basis for the impending probable cause Hearing.

6.     Previously, on or about January 9, 2017 MDOC Administration concluded an internal Investigation on an ancillary matter related to the underlying criminal investigation wherein Bobo and others were investigating an assault upon an inmate.

7.     According to the internal investigation, Lee assaulted Bobo and another CID Investigator during their criminal investigation and the Investigators for MDOC Administration found no illegal or unethical wrong-doing by Bobo. Bobo remains in his position after MDOC's independent body developed the actual facts from the investigation.

8.     Proceeding in an abundance of caution, Counsel filed for Bobo a Petition seeking Extraordinary Relief with the Mississippi Supreme Court. On or about March 8, 2017 that Petition was dismissed without prejudice.

## APPLICABLE LEGAL STANDARD & AUTHORITATIVE GROUNDS FOR WHICH EXTRAORDINARY RELIEF SHOULD BE GRANTED

9.     Expedited proceedings for extraordinary relief at the trial court level are governed by Rule 65 of the Mississippi Rules of Civil Procedure. *See*, M.R.C.P. 65. According to statute, the Circuit Court shall issue a judgment commanding someone of which the law specially enjoins as a duty resulting from an office, trust, or station, where there is not a plain, adequate, and speedy remedy in the ordinary course of law. *See*, Miss. Code. Ann. Section 11-41-1. In other words, the statute mandates relief against a person to do or not to do an act in the performance or omission of which the law specially enjoins as a duty resulting from an office. *See*, Miss. Code. Ann. S 11-41-1.

## A. LEE'S PURPORTED CRIMINAL AFFIDAVIT IS FACIALLY DEFECTIVE & FOR FACTUAL MATTERS BEYOND ITS FOUR-CORNERS

10.     Mississippi statutes and our positive law provides relief from defective charging instruments such as affidavits by granting demurrers and/or to quash. *Wampold v. State,* 155 So. 350, 351 (Miss. 1934); *See e.g., Love v. State,* 52 So. 2d 470, 472 (Miss. 1951). Under Mississippi law, a demur to the charging instrument and/or a motion to quash is timely where made prior to the empanelment of a jury. *See* Miss Code Ann Section 99-7-21 & Miss. Code Ann. Section 99-7-23.

B. THE STATUTORY REQUIREMENT TO PROSECUTE
FAILS TO COMPLY WITH DUE PROCESS
& CONFLICTS WITH A PROSECUTOR'S FUNCTION

10.     With respect, a prosecutor's special responsibilities become denigrated under this narrow set of facts and law: *See,* M.R.C.P. 3.8 (a prosecutor in a criminal case shall refrain from prosecuting a charge he knows is not supported by probable cause). By statute however, a County Prosecutor shall prosecute all cases therein which he is required by law to prosecute. See, Miss. Code Ann. S 9-9-31 (West). In some instances, the State may seek a specially-appointed prosecutor. Regardless, the statutory requirement to prosecute impedes any prosecutor's ability to exercise restraint by independence.

11.     Although our legislature mandates there to be a probable cause proceeding, Bobo's legal recourse is limited to certain relief prior to a requisite hearing where the person is alleged to have violated a criminal statute during performance of his or her duties. *See,* Miss. Code. Ann. 99-3-28 (West); *Generally, Wampold v. State,* 155 So. 350, 351 (Miss. 1934); *See e.g., Love v. State,* 52 So. 2d 470, 472 (Miss. 1951). *See* Miss Code Ann Section 99-7-21 & 99-7-23. *See,* Miss. Code. Ann. 99-3-28 (West).

12.     Simply, the statutory mandate to prosecute by the State should yield to individual standing requirements and the right to petition the government without the State's prosecutorial assistance if there is a basis in-fact and in law.

C. A PRIVATE-CITIZEN AFFIANT, SUCH AS LEE HAS NO STANDING TO
INSTITUTE CRIMINAL PROCEEDINGS FOR, NOR ON BEHALF OF
THE STATE OF MISSISSIPPI

13.    Authority to prosecute on behalf of the State of Mississippi comes in two (2) forms: by statute and the Mississippi Constitution. Earnest Lee's employment as Superintendent of the State Penitentiary fits neither. Mississippi's legislature does not authorize "private prosecutions" in the name of the State for allegedly violating her peace and dignity.

14.    The United States Supreme Court has quashed the right of private prosecution in federal court on grounds of standing. Accordingly, it is well-accepted that a private citizen has no general interest to determine whether prosecution is proper. *See, e.g., Linda R.S. v. Richard D.,* 410 U.S. 614 (1973) (standing that "in American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another"); *Smith v. Kniger,* 389 Fed. Appx. 789 (10th Cir. 2010) (ruling that, in the federal system, prosecutors have exclusive authority to prosecute crimes and that a private citizen "has no right to initiate a criminal prosecution"); *Kailey v. Chambers,* 261 P.3d 792 (Colo. Ct. App. 2011) (collecting cases and concluding that private citizens cannot seek arrest warrants). There is simply no right of private prosecution instituted on behalf of the State" and the State should have no interest in prosecuting a criminal offense for a private citizen upon matter that has already been addressed by the State.

15.    [P]arties have standing to bring 'when they assert a colorable interest in the subject matter of the litigation or experience an adverse effect from the conduct of the defendant, or as otherwise provided by law.' " *See, Crook v. City of Madison,* 168 So. 3d 930, 935 (Miss. 2015); *Brent v. Mathis,* 154 So.3d 842, 845 (Miss.2014) (quoting *Hal/v. City of Ridgeland,* 37 So.3d 25, 33 (Miss.2010)).

Case: 4:17-cv-00079-DMB-JMV Doc #: 3-11 Filed: 06/20/17 6 of 9 PageID #: 125


16. The legislature has recognized the broad and general authority of the Attorney General to prosecute crime by designating the Attorney General as the "chief legal officer and advisor for the state, both civil and criminal." Miss. Code Ann. Section 7-5-1. Accordingly, there is no standing for a private citizen to institute criminal prosecution on behalf of the State of Mississippi where the State has concluded the matter.

17. Simply stated, Earnest Lee's assumed authority to bring this matter on behalf of the State is glaringly absent. Lee has no standing to privately prosecute this matter for purported actions taken "against the peace and dignity of the State of Mississippi" nor does Lee appear to be a member of the Mississippi Bar.

### C. ANY PROSECUTION PROCEEDING IS BARRED BY PRECLUSION DOCTRINES & DOUBLE JEOPARDY

18. Similarly, the prosecution and the impending matter to be addressed by the Circuit Court is precluded by res judicata and arguably barred by collateral estoppel. "Under Mississippi law, res judicata or collateral estoppel precludes re-litigation of administrative decisions." *E.g., Smith v. Univ. of Miss.,* 797 So.2d 956, 963 (Miss.2001). MDOC Administration has investigated the matter. Lee's criminal affidavit stifles basic doctrines as well as Petitioner's rights to due process.

19. At their core, doctrinal bars to litigation preclude parties from re-litigating issues authoritatively decided on their merits in prior litigation to which they were parties or in privity. *See, Marcum v. Mississippi Valley Gas Co., Inc.,* 672 So. 2d 730, 733 (Miss. 1996) (quoting) (*State ex rel. Moon v. Molpus,* 578 So.2d 624 (Miss. 1991).

20. The United States District Court found the law to be clear, "when a state agency acting in a judicial capacity ... resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's fact-finding

the same preclusive effect to which it would be entitled in the State's courts." *See, Goff v. Singing River Health System*, 6 F. supp. 3d 704, 709 (S.D. Miss. 2014). *see also, MARY E. HENRY V. NIDES., Unempl.Ins.Rep.* (CCH) P 9412337 (The court must not reweigh the evidence from underlying employment Board proceedings).

21.     Here, and as provided in its report dated January 9, 2017 MDOC Administration concluded the matter as it relates to Bobo after a thorough investigation, which included an interview with Earnest Lee and several others. MDOC closed the matter without further incident; any of those quasi-judicial proceedings preclude re-litigation. When a liberty interest becomes restrained by a particular set of facts in a prior adjudicative proceeding jeopardy attaches. Accordingly, prosecution is barred.

22.     As a matter of MDOC policy, Petitioner has no legal recourse until conclusion of any administrative processes. As further explained at Hearing, this matter violates those fundamental Interests.

RELIEF SOUGHT

WHEREFORE, Premises Considered, Bobo seeks relief on this, amended application for sustainment of relief upon defectiveness and by cross-motion for matters beyond the record, his application to the Court for statutory and case-law protections, both temporary and permanent, according to M.R.C.P. 65, and any other relief by the statutes and case-law cited herein and for extraordinary relief.

RESPECTFULLY SUBMITTED, THIS 10th DAY OF MARCH, 2017.

JAMES R. BOBO, PETITIONER

Erich G. Jerscheid, Esq. (MSB#104982)
Erich G. Jerscheid, PLLC
Post Office Box 55874-3935
Jackson, Mississippi 39296
Office: (601) 914-2741
Facsimile: (601) 605-0447
ejerscheid@redjlaw.com
*Attorney for Petitioner,*

## CERTIFICATE OF SERVICE

I, Erich G. Jerscheid, certify that a copy of the above and foregoing was caused the 10TH day of MARCH, 2017 to be sent to the following as provided in the manner below:

Hon. Corrie Cockrell, Legal Counsel:
Mississippi Department of Corrections
633 N. State Street
Jackson, Mississippi 39202
**Via Email: ccockrell@mdoc.state.ms.us**

Hon. Gary Austin, County Prosecutor
Sunflower County, Mississippi
306 Main Street
Indianola, Mississippi 38751
**Via Email: austingl@bellsouth.net**

Hon. Douglas Wade as legal counsel for:
Earnest Lee, Superintendent
Mississippi State Penitentiary
Post Office Box 1057 - Hwy 49 West
Parchman, MS 38738
**Via email: doug@wadelawofficepllc.com**

Hon. W. Ashley Hines
4th Judicial Circuit District
Post Office Box 1315
Greenville, Mississippi 38702-1315
**Via Facsimile: (662)335-2381**

RESPECTFULLY SUBMITTED,
ERICH G. JERSCHEID, PLLC

Erich G. Jerscheid, Esq. (MSB#104982)
Erich G. Jerscheid, PLLC
Post Office Box 55874-3935
Jackson, Mississippi 39296
Office: (601) 914-2741
Facsimile: (601) 605-0447
ejerscheid@redjlaw.com
*Attorney for Petitioner,*

8 of 8

STATE OF MISSISSIPPI, WITNESS SUBPOENA.-
CIRCUIT COURT OF SUNFLOWER COUNTY, STATE OF MISSISSIPPI - GREETINGS:
TO: THE SHERIFF OR ANY OTHER PERSON AUTHORIZED BY LAW TO EXECUTE

You are hereby commanded to summon:

_____

_____

_____

_____or wherever he or she may be found.

if found to be, to be and personally appear before the Circuit Court of the County and State

aforesaid on the 13 th day of March, 2017 A.D. at 10:30 a.m. then and there to testify in judicial

proceedings on behalf of James R. Bobo (for whose instance this writ was issued) to which

James R. Bobo is an interested party to proceedings and that herein fail not, unless satisfactorily

complied by sufficient form and contents of affidavit returnable to Erich G. Jerscheid, PLLC

via facsimile or electronic mail, prior to the time and date aforesaid, shall be under the penalty

prescribed by statute and have there then this writ.


GIVEN, under my hand and seal of said Court, this the _____ DAY OF _____2017.

                        HON. CAROLYN P. HAMILTON,
                        CLERK OF THE CIRCUIT COURT
                        Sunflower County, Mississippi

                        By:_____
                        Deputy Clerk

For questions, please inquire:
Erich G. Jerscheid, (MSB# 104982)
P.O. Box 55874-3935;
Jackson, Mississippi 39296;
(601) 398-9942; (601) 914-2741
Fax: (601) 605-0447
Ejerscheid@redjlaw.com
Attorneyfor James R. Bobo