IN THE SUPREME COURT FOR THE STATE OF MISSISSIPPI
**CASE NO.: 2017-M-00256**
**Prior Application for Extraordinary Relief dismissed without prejudice:**

| | |
|---|---|
| JAMES R. BOBO, IN HIS CAPACITY AS AN INVESTIGATOR FOR THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, A SWORN LAW ENFORCEMENT OFFICER | APPELLANT |
| v. | |
| STATE OF MISSISSIPPI, *et al.* | APPELLEE |

<u>IN THE MATTER OF:</u>
THE FOURTH JUDICIAL CIRCUIT COURT DISTRICT FOR
SUNFLOWER COUNTY, STATE OF MISSISSIPPI

| | |
|---|---|
| STATE OF MISSISSIPPI, *et al.* | PLAINTIFF |
| v. | **CASE NO.:  UN-NUMBERED** |
| JAMES R. BOBO | DEFENDANT |

**SECOND PETITION FOR MANDAMUS/EXTRAORDINARY WRIT**
**ALTERNATIVELY, MOTION FOR EMERGENCY STAY/INJUNCTION**
**PENDING INTERLOCUTORY REVIEW**
*[PRIORITY CONSIDERATION REQUESTED]*

COMES NOW, James R. Bobo, ("Bobo") before the Court in his official capacity as a sworn law enforcement officer under the purview of M.C.A. 45-6-3, by and through Counsel, and moves the Court to grant expedited relief from an Order directing issuance of an arrest warrant by the Sunflower County Circuit Court. Bobo would respectfully show unto the Honorable Justice(s) of the Supreme Court for the State of Mississippi:

**INTRODUCTION**

1.  Petitioner, a sworn law enforcement officer, requests extraordinary relief from an Order directing the issuance of an arrest warrant. Granting this application preserves the status quo of Mississippi's criminal justice system and protects from irreparable harm. For the purposes of the instant Petition, this Court is moved to Order the Sunflower County Circuit Court to reverse

its Order directing the issuance of an arrest warrant, and/or to direct that it quash same as well as the affidavit, thereby rendering it unenforceable pending interlocutory resolution. [*See* Exhibit, 1: 5]

As further explained below the Supreme Court ought to grant extraordinary and/or expedited relief, and should do so pending its resolution of substantial and important questions for which there is a substantial basis of a difference in opinion and which would be more fully addressed through applications seeking interlocutory review.

## BACKGROUND

2. This second application for relief proceeds from Orders following a mandatory probable cause hearing.[1] They were entered in the Circuit Court of Sunflower County Honorable W. Ashley Hines presiding. The Circuit Court's ensuing Orders are attached hereto are incorporated herein collectively as Exhibit 1.

3. The first Order denied relief on all legal grounds under statutes, rules of court and case-law. In other words, there is no remedy absent extraordinary relief. [*See* Exhibit, 1:1-4) & Exhibit, 4]. The second Order directed the issuance of an arrest warrant premised on conduct alleged against Bobo in his capacity as a sworn law enforcement officer. [*See* Exhibit, 1:5.]

4. These Orders stem from a private prosecution against this sworn law enforcement officer under a peace bond statute from a general affidavit. It alleged Bobo, although functioning in his official capacity, violated Mississippi law and claimed tortious conduct. This privatized prosecution commenced as the criminal charges were pending against the affiant. These were previously filed by Bobo and result from the affiant's disobedience to law enforcement and during the interruption to an ongoing criminal investigation.

---

[1] The first Application was dismissed without prejudice to proceed in the trial court.

5. By all accounts Bobo has no adequate remedy absent extraordinary relief and from the following rulings in the trial court:[2]

    (a) there is no statutory remedy to Quash an Affidavit,

    (b) Rule 65 of the Mississippi Rules of Civil Procedure do not apply to criminal proceedings instituted by private persons

    (c) no appropriate statutory relief pursuant to Miss. Code Ann. Sec. 11-41-1.

    (d) Private prosecutions are fully supported under Mississippi law, even against law enforcement when police charges are pending against the party

    (e) The statutorily mandated probable cause hearing requirements supersede a prosecutor's special responsibilities under Rule 3.8 of the M.R.P.C.

    (f) Neither res judicata nor collateral estoppel applies to this matter as the agency's memorialization of a prior decision of an administrative agency is not an "administrative decision."

6. While matters of fact relied upon in the application below were supplemented by testimony at the March 13, 2017 hearing, Bobo also urged the court to limit the application of this Mississippi law and its jurisprudence regarding private criminal prosecutions against a sworn law enforcement officer in their official capacity.

## GROUNDS FOR RELIEF

7. James R. Bobo is a sworn law enforcement officer who is employed with the Criminal Investigations Division (CID) of the Mississippi Department of Corrections. By virtue of the Order directing issuance of a warrant, the looming arrest jeopardizes his personal liberty and livelihood. Bobo's position aligns him and CID under the Integrity Division, an independent arm at the executive staff level, which is wholly separate and distinct from State Penitentiary personnel. A CID investigator is sworn law enforcement personnel and most MSP staff are not.

---

[2] It is respectfully submitted the gist of the argument regarding "standing" was not entirely reflected in the trial court's Order.

8.	Earnest Lee is the citizen affiant who commenced the proceedings below by general affidavit. [*See,* Exhibit, 2: 7]. Testimony revealed those contentions arise from a common nucleus of operative fact for which Lee was charged and for which it is believed those charges remain pending.

9.	On November 21, 2016 Bobo was discharging his duties as a sworn law enforcement officer. Bobo and one other member of CID, were actively investigating one (1) or more staff-members of the Mississippi State Penitentiary (MSP) for an alleged assault against an inmate. MSP facility staff, subject to Superintendent Earnest Lee's supervision and administration, for which Lee claims to be the final authority of any matters on the grounds of the MSP.

10.	Testimony revealed that Lee interfered and disrupted an on-going criminal investigation: CID were questioning a suspect, a member of Lee's staff identified as probably committing a criminal assault against the inmate. Notably, Earnest Lee has no law enforcement authority nor does his administrative capacity permit the obstruction of a state or federal law enforcement investigation. Accordingly, Lee was charged that day by CID Investigator James Bobo for violations of Mississippi criminal statutes, including assault against a law enforcement officer.

11.	An ensuing integrity investigation by an executive-level independent arm of MDOC's administration, (Integrity Division of MDOC) cleared Bobo and the other CID investigators from any wrong-doing. [*See* Exhibit, 2: 9-12]. According to the report by the Integrity Division, and as supplemented with testimony at the March 13 hearing, internal affairs found no ethics issues nor did it find CID to have improperly conducted itself. Director Sean Smith of the Integrity Division closed the matter on January 9, 2017.[3] Several executive-level staff

---

[3] Director Smith testified at the circuit court proceedings and provided supplemental information regarding the "agency decision."

members of the independent investigative body, administrative in nature, revealed the investigation to have been comprehensive, thorough and one for which administrative decision/action had been made.

12. After MDOC Administration closed the matter, Lee went on to file a "general affidavit" containing threadbare assertions and which was captioned with a reference to M.C.A. 99-25-1 and 99-23-3. The former statute pertains to statutory forms whereas the latter pertains exclusively to the allocation of costs associated with peace bonds. The affidavit cites to no statutory provision nor references any authority of substantive criminal law in Mississippi.

13. In addition, Lee's affidavit contains no more than conclusory allegations listing elements for civil action(s) grounded in the tort context and as would be evinced during interlocutory review was impeached. This charging instrument makes no citation nor does it track statutory language under substantive criminal law in Mississippi.

14. Most notably, affidavits like this could be made by any other typical everyday fellow citizen of Lee who seek to defeat their own charges and which can be offensively used any time they do not like the way police treated them, even after internal affairs cleared the officer and closed the matter. There is no indication Sunflower County Prosecutor, Hon. Gary Austin nor any other sworn law enforcement officer filed a criminal complaint or criminal charges.

15. From trial court proceedings, there exists on-the-record rebuttal by several witnesses including Earnest Lee's own testimony on several substantive points, impeaching the affidavit, including but not limited to testimony that physical injuries were apparently non-existent, and Lee does not like being "bumped into." According to correspondence with Trudie Quinn, CCR the transcript will be available by May 8, 2017.

16. In other words, appellate resolution of the trial court's application of the "totality of circumstances" with regard to the probable cause determination would may protect Bobo from substantial and irreparable injury.

17. On or about February 27, 2017 Bobo petitioned this Court for extraordinary relief. A copy of the Application and its Exhibits are attached hereto and incorporated herein collectively as Exhibit 2.

18. On or about March 8, 2017 the Panel of Randolph, P.J., Kitchens, and Coleman, J.J. dismissed same without prejudice. A copy of the Panel's Order is attached hereto and incorporated herein as Exhibit 3.

19. March 13, 2017, the Circuit Court of Sunflower County heard Bobo's *First Amended Notice of Special Appearance and Expedited Application: Motion for MRCP 65 Protection & Petition for Extraordinary Relief.* Hon W. Ashley Hines took same under advisement and proceeded with the evidentiary hearing. Bobo's electronically transmitted amended application to the trial court is attached hereto and incorporated herein as Exhibit 4.

20. There exists questions for which there is a substantial basis for a difference in opinion and presents for consideration, matters that are analogous to immunity type defenses which are typically interlocutory-in nature. It is believed that one or more issues appear dispositive and/or would have a substantial impact on the outcome of not only these proceedings the prospective law from this case also potentially impacts every future criminal proceeding across the entire State of Mississippi.

21. Put another way, the substantive and procedural aspects of the case present broad and systemically-impactive issues of public importance in addition to individual and public interests for which prompt resolution is appropriate.

22. For example, interlocutory review is appropriate, among other reasons, upon a facially defective charging instrument and because matters appearing *dehors* the record render it amenable to relief by being quashed, which was found by the Circuit Court to be an inapplicable remedy. *Cf. Wampold v. State,* 155 So. 350, 351 (Miss. 1934), *Love v. State,* 52 So. 2d. 470, 472 (Miss. 1951) (holding that challenges related to an affidavit by demurrer or motion to quash found applicable to statute).

23. Further, this private citizen, who was not "performing his duties" by interrupting a criminal investigation, instituted private prosecution against this sworn law enforcement officer by a general affidavit seeking a peace bond.

24. The issue of subject matter jurisdiction in the Circuit Court of Sunflower County, which arose under the purview of M.C.A. 99-3-28 is of consequence, and subject to pre-requisites. Among other things, Lee's affidavit makes no charge of a "criminal act" that is a felony or misdemeanor under Mississippi criminal statutes nor are there any facts, beyond conclusory allegations, contained within the affidavit. Subject to interlocutory appeal is a potential question that the proceeding is invalidated under jurisdictional requirements, assuming there is statutory constitutional validation, and even if it did, the statute should not be subject liberal application, which promotes offensive use against law enforcement. *See,* Miss. Code Ann. 99-3-28.

25. That, as developed during the hearing, probable cause proceedings in the Sunflower County Circuit Court were not only arguably defective as a question of law, they arose based on materially misleading allegations in an affidavit filed by a citizen against whom charges were, and remain pending.

26. The detrimental effect of not granting this Motion would have a profound and adverse impact on the orderly and just administration of justice which would materially affect

Bobo's substantive and procedural safeguards as well as the legal safeguards for each and every sworn law enforcement officer and prosecutor across the State of Mississippi.

27. By virtue of the issuance of an arrest warrant, the threat of injury against Bobo, such as double jeopardy, violations of the collateral order doctrine, a threatened livelihood, and improper liberty deprivation(s) subjects his person to unwarranted restraint and constitutional deprivations to his person by a Circuit Court arguably lacking subject matter jurisdiction.

28. From the impending arrest warrant, injury to Bobo clearly outweighs any perceived notion of harm and granting this motion would be consistent with public interest. The immediate harm and incompatibility with public interest by failing to grant this relief could be described as a legal fall-out. It follows:

(a) a law enforcement officer charges an individual to have committed criminal offenses related to the individual's interposing upon a police investigation; although the officer is physically attacked by the individual so charged, the officer elects not to make an on-site arrest of the interjecting person. The individual claims to have supervisory authority.

(b) By virtue of the charged individual's grievance, internal affairs at the executive level -- an independent investigative body -- conducts a thorough investigation, which is memorialized by a Memorandum and supplemented by testimony thereto by at least four (4) persons. Internal affairs clears the officer and the matter is closed after benign agency action by the actual supervising authority.

(c) Thereafter, the same person who was initially charged filed "cross-charges" against the officer during the pendency of the case.

(d) As a corollary, the County Prosecutor apparently has no discretion to make his or her own probable cause determination and would be statutorily bound to present the affidavit for proceeding in the Circuit Court. *See,* M.C.A. 99-3-28.

**SUPPORTING AUTHORITY & BRIEF ARGUMENT IN SUPPORT**

29. As briefly explained below, extraordinary relief from the Order directing issuance of an arrest warrant is appropriate because of the unique facts of this case. According to the trial

court, Bobo in his capacity as a law enforcement officer has no available relief by rule, statute, nor case-law.

30. Extraordinary relief is appropriate in situations involving either constitutional issues or the lack of an adequate remedy either through the trial or appellate process. *See, In re Corr-Williams Tobacco Co.,* 691 So. 2d 424, 426 (Miss. 1997); Miss. R. App. 21. The circuit Court's order renders a statutorily mandated proceeding legally indefensible and by operation of law invades the province of prosecutorial discretion.

31. The arrest and private prosecution of a law enforcement officer for performing his job cannot be remedied on appeal, even more-so when it arises from an improper proceeding for which there exists a legal basis to challenge facial validity of the proceedings. *See, State v. Maples,* 402 So.2d 350, 352 (Miss.1981); *see also, Wampold v. State,* 155 So. 350, 351 (Miss. 1934), *Love v. State,* 52 So. 2d. 470, 472 (Miss. 1951) (holding that challenges related to an affidavit by demurrer or motion to quash applicable to statute).

32. Mississippi's public interest is not served by generating and fostering private criminal prosecutions, especially against its police officers. *E.g., Linda R. S. v. Richard D.,* 410 U.S. 614 (1973) (holding that a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another). Granting this necessary Application is consistent with the public interest, and further; the threatened harm to Bobo substantially outweighs any perceived harm to public interest. The Court should be inclined to consider that Bobo would briefing on issues addressed in *Linda R. S. and Leeke v. Timmerman,* 454 U.S. 83 (1981).

33. A private citizens' offensive use of this protective statute denigrates from its purpose and jeopardizes public interest. *See,* M.C.A. 99-3-28. The State of Mississippi has enacted laws specifying procedural requirements that are designed to offer additional protections

to Mississippi's public servants in situations of this type. *See, id.* Among other things, private prosecution against police officers ostensibly results in multi-forum litigation, which would be better explained in a Petition for Interlocutory Appeal.

34. Accordingly, a stay or injunction pending appeal may be made to the Supreme Court and must be supported by the reasons requested as well as demonstrate that an application to the trial court for the relief sought is not practicable or that the trial court has denied an application or has failed to afford the relief which the applicant has requested, with the reasons given by the trial court for the action. M.R.A.P. 8(c). Subject to the above and foregoing, James R. Bobo has also established a basis for which the Court should grant relief under M.R.A.P. 8.

**WHEREFORE, Premises Considered,** James R. Bobo, Movant herein requests the following relief:

A. This Motion be received, docketed and filed by the Honorable Clerk of the Court

B. The Court enter an Order directing the Circuit Court of Sunflower County to reverse its order directing issuance of an arrest warrant or order that the warrant and affidavit to be quashed, ensuring prompt notice of same to the appropriate law enforcement personnel;

C. Alternatively, the Court should direct the Circuit Court of Sunflower County to Order a Stay of its Order directing issuance of the arrest and/or grant injunctive relief pending resolution of interlocutory review and to ensure notice of same to the appropriate law enforcement personnel;

D. Order the State of Mississippi and/or the affiant to pay the Petitioner's costs, fees, and expenses associated with these proceedings to be determined upon evidentiary hearing and;

E. Grant James R. Bobo any other favorable relief the Court deems proper and just under the circumstances.

**RESPECTFULLY SUBMITTED, THIS** 5th day of <u>MAY</u>, 2017.

James R. Bobo, *Petitioner*

By: /s/ Erich G. Jerscheid

          Erich G. Jerscheid, Esq. (MSB#104982)
          Erich G. Jerscheid, PLLC
          Post Office Box 55874-3935
          Jackson, Mississippi 39296
          Office: (601) 914-2741
          Facsimile: (601) 605-0447
          ejerscheid@redjlaw.com
            *Attorney for Petitioner,*

*CERTIFICATE OF SERVICE*

      I, Erich G. Jerscheid, Attorney for James R. Bobo, certify that a copy of the above and foregoing (w/ Exhibits) was caused to be sent the 5th day of May 2017 to the following as provided in the manner below:

| | |
|---|---|
| Gary Austin, *Prosecutor - Sunflower County* | Hon. W. Ashley Hines, *Circuit Court Judge* |
| **Via Email:** austingl@bellsouth.net | 4th Judicial Circuit District |
| | Post Office Box 1315 |
| Douglas Wade, *Attorney for Earnest Lee* | Greenville, Mississippi 38702-1315 |
| **Via Email:** Doug@wadelawofficepllc.com | **Via First Class Mail &** |
| | **Facsimile:** (662) 335-2381 |

                                        RESPECTFULLY SUBMITTED,


                                      By: /s/         *Erich G. Jerscheid*
                                      Erich G. Jerscheid, Esq. (MSB#104982)
                                          *Attorney for Petitioner,*