Serial: **213047**

## IN THE SUPREME COURT OF MISSISSIPPI

### No. 2017-M-00256

**FILED**

*IN RE: JAMES R. BOBO*

JUN 0 8 2017

*Petitioner*

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

<u>**ORDER**</u>

This matter is before the panel of Waller, C.J., King and Chamberlin, JJ., on the

Second Petition for Mandamus, Extraordinary Writ, or Alternative Relief filed by James R.

Bobo. The panel finds that the petition should be denied. The panel further finds that the

Motion to Consolidate should be dismissed as moot.

IT IS THEREFORE ORDERED that the Second Petition for Mandamus,

Extraordinary Writ, or Alternative Relief filed by James R. Bobo is denied.

IT IS FURTHER ORDERED that the Motion to Consolidate is dismissed.

SO ORDERED, this the $7\frac{th}{}$ day of June, 2017.

_____
LESLIE D. KING, JUSTICE

Serial: **212986**

## IN THE SUPREME COURT OF MISSISSIPPI

### No. 2017-M-00648-SCT

*JAMES R. BOBO*                                    **FILED**                    *Petitioner*

*v.*                                                                    JUN 06 2017

*STATE OF MISSISSIPPI*                      OFFICE OF THE CLERK            *Respondent*
                                                            SUPREME COURT
                                                            COURT OF APPEALS

### ORDER

This matter is before the panel of Waller, C.J., King and Chamberlin, JJ., on several

motions filed by James R. Bobo. After due consideration, the panel finds that the Petition

for Interlocutory Review by Permission, To Wit: Order Finding Probable Cause & Directing

Issuance of Arrest Warrant; the Petition for Interlocutory Review by Permission, To Wit:

Relief Denied Upon First Amended Notice of Special Appearance & Expedited Application:

MRCP 65 Protection & Petition for Extraordinary Relief; and the Motion for Leave to

Proceed Without Appeal Costs should be denied. The panel further finds that the Motion to

Supplement the Record; the Motion to Consolidate; and the Expedited Motion for Writ of

Prohibition to Sunflower County should be dismissed as moot.

IT IS THEREFORE ORDERED that the Petition for Interlocutory Review by

Permission, To Wit: Order Finding Probable Cause & Directing Issuance of Arrest Warrant

is denied.

IT IS FURTHER ORDERED that the Petition for Interlocutory Review by Permission, To Wit: Relief Denied Upon First Amended Notice of Special Appearance & Expedited Application: MRCP 65 Protection & Petition for Extraordinary Relief is denied.

IT IS FURTHER ORDERED that the Motion for Leave to Proceed Without Appeal Costs is denied.

IT IS FURTHER ORDERED that the Motion to Supplement the Record is dismissed.

IT IS FURTHER ORDERED that the Motion to Consolidate is dismissed.

IT IS FURTHER ORDERED that the Expedited Motion for Writ of Prohibition to Sunflower County is dismissed.

SO ORDERED, this the ___6th___ day of June, 2017.

_____
LESLIE D. KING, JUSTICE

## IN THE CIRCUIT COURT OF SUNFLOWER COUNTY, MISSISSIPPI

STATE OF MISSISSIPPI

VS.                                                    CAUSE NO. UNNUMBERED

JAMES R. BOBO

### ORDER

**THIS CAUSE** came before the Court on James R. Bobo's First Amended Notice of Special Appearance and for Expedited Application: Motion for MRCP 65 Protection & Petition for Extraordinary Relief. After due consideration of said motion and oral arguments, this Court has made the following determinations.

On or about November 21, 2016, James R. Bobo ("Bobo") was employed as an investigator with Criminal Investigations Division ("CID") for the Mississippi Department of Corrections at the Mississippi State Penitentiary ("MSP") located in Parchman, MS. On that date, Bobo and other member of the CID where investigating an alleged assault of an inmate by an officer at the MSP. During the investigation, an altercation occurred between Bobo and Earnest Lee ("Lee"), the Superintendent for the MSP. Lee claims that he was assaulted by Bobo during the altercation.

On February 8, 2017, Lee filed a General Affidavit claiming that on November 21, 2016, Bobo caused him bodily injury by grabbing him and running into him. Based on the fact that Bobo is a law enforcement officer who was in the performance of his official duties at the time of the alleged altercation, a probable cause hearing was set and held in this matter pursuant to Miss. Code Ann. §99-3-28. Aggrieved by the filing of the affidavit and the setting of a probable cause hearing, Bobo filed the present motion seeking extraordinary relief.

First, Bobo claims that he is entitled to relief pursuant to Rule 65 of the Mississippi Rules

1

of Civil Procedure and Miss. Code Ann. §11-41-1.  This is a criminal matter.  Therefore, the

Mississippi Rules of Civil Procedure do not apply.  The Court further finds that relief under

Miss. Code Ann. §11-41-1 would not be proper under the facts of this case.

Second, Bobo asks that the Court quash the affidavit.  In support of this request, Bobo

cites Miss. Code Ann. §99-7-21 and §99-7-23.  Both of those sections involve the quashing of

an indictment and a demurrer of an indictment.  Bobo has not been indicted.  Therefore, Miss.

Code Ann. §99-7-21 and §99-7-23 do not apply.

Third, Bobo claims that the statutory requirement to prosecute found in Miss. Code Ann.

§99-3-25 fails to comply with due process and conflicts with a prosecutor's function.  Pursuant

to Miss. Code Ann. §99-3-28, the county prosecutor is required to present all charges and

complaints against law enforcement officers to the Circuit Court for disposition.  Bobo argues

that the statutory mandate impedes on the prosecutor's ability to exercise restraint by

independence and that a prosecutor's special responsibilities may become denigrated under the

law.  In support of this argument, Bobo cites Rule 3.8 of the Mississippi Rules of Professional

Conduct.

Pursuant to Miss. Code Ann. §99-3-28, a County Prosecutor is required to present all

charges and complaints law enforcement officers to the Circuit Court.  However, Rule 3.8 of the

Mississippi Rules of Professional Conduct prohibits a prosecutor from prosecuting a charge that

the prosecutor knows is not supported by probable cause.  Similarly, Rule 3.1 of the Mississippi

Rules of Professional Conduct prohibits a lawyer from brinning a proceeding that does not have

a basis in law or is frivolous.

The Mississippi Attorney General has addressed the potential conflict between Rule 3.1

of the Mississippi Rules of Professional Conduct and Miss. Code Ann. §99-3-28.  See Op. Atty.

2

RECEIVED 04/27/2017 02:38PM
04-27-'17 14:38 FROM- SUN CIRCUIT CLERK 16628877077 T-193 P0004/0006 F-659

Gen. No. 2014-00147, Munn, April 18, 2014, 2014 WL 2047431. According to the Mississippi

Attorney General, "[t]he prosecutor has no discretion in her actions to be taken in Section 99-3-

28, and therefore would not be subject to the provisions of the rule regarding meritorious

contentions in presenting the charge to the circuit court." *Id.* Furthermore, the scope of the

Rules of Professional Conduct states "nothing in the Rules should be deemed to augment any

substantive legal duty of lawyers or the extra-disciplinary consequences of violating such a

duty." Therefore, the Court finds that the statutory requirement supersedes the rules of

professional conduct and the County Prosecutor must comply with the statute. Accordingly, the

Court finds no merit to this argument.

Bobo further claims that the statutory mandate should yield to individual standing

requirements and the right to petition the government without the State's prosecutorial assistance

if there is a basis in-fact and in law. The Court finds that there is nothing in the statute impeding

a defendant's right to file a motion. Therefore, the Court finds no merit to this argument.

Next, Bobo argues that an affidavit by a private citizen is insufficient to institute a

criminal proceeding on behalf of the State. According to Miss. Code Ann. §99-1-7, "[a]

prosecution may be commenced, within the meaning of Section 99-1-5 by the issuance of a

warrant, or by binding over or recognizing the offender to compel his appearance to answer the

offense, as well as by indictment or affidavit." The Court finds that under the laws of the State

of Mississippi a private citizen has the right to institute criminal proceedings by filing an

affidavit. Accordingly, the Court finds no merit to this argument.

Lastly, Bobo argues that the prosecution of this matter is barred by preclusion doctrines

and double jeopardy. An investigation into Lee's allegations was conducted by the Mississippi

Department of Corrections' Integrity Unit. After investigating the alleged altercation, the

3

investigator concluded that Bobo did not do anything illegal or unethical. This determination can be found in a Memorandum submitted by Integrity Investigator Cole Terrell. Bobo claims that the determinations contained in said Memorandum is an administrative decision that should preclude prosecution in this case.

Pursuant to the laws of this State, "[t]he decision of an administrative agency shall not be disturbed unless unsupported by substantial evidence; arbitrary or capricious; beyond the agency's scope or powers; or violative of the constitutional or statutory rights of the aggrieved party." *Foster v. Bennamon*, 116 So.3d 182, 184-185 (¶10) (Miss. Ct. App. 2013) (quoting *State Bd. of Pub. Accountancy v. Gray*, 674 So.2d 1251, 1253 (Miss.1996)). The Court finds that the Memorandum is not an agency decision and does not preclude the prosecution of Bobo in this case. Accordingly, the Court finds no merit to this argument.

Having found all of Bobo's arguments to be lacking in merit, this Court now finds his motion shall be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the relief sought in James R. Bobo's First Amended Notice of Special Appearance and for Expedited Application: Motion for MRCP 65 Protection & Petition for Extraordinary Relief shall be and is hereby DENIED.

**SO ORDERED AND ADJUDGED** this the 20th day of April, 2017.

FILED

APR 21 2017

CAROLYN P. HAMILTON
BY_____D.C.

CIRCUIT JUDGE

MB 191
pg 440-443

4

RECEIVED 04/27/2017 02:38PM
04-27-'17 14:38 FROM-  SUN CIRCUIT CLERK        16628877077        T-193  P0006/0006 F-659

**IN THE CIRCUIT COURT OF SUNFLOWER COUNTY, MISSISSIPPI**

**STATE OF MISSISSIPPI**

**VS.**                                          **CAUSE NO. UNNUMBERED**

**JAMES R. BOBO**

## ORDER

**THIS CAUSE** came before the Court for determination of probable cause for the

issuance an arrest warrant for James R. Bobo for the alleged assault of Earnest Lee on or about

November 21, 2016.   After due consideration of the evidence presented during the hearing held

in this cause, this Court finds that probable cause exists and that an arrest warrant shall be issued

in this matter.

**SO ORDERED AND ADJUDGED** this the 20th day of April, 2017.

FILED

APR 21 2017

CAROLYN B. HAMILTON

BY_____D.C.

MB 191

pg 444

_____
**CIRCUIT   JUDGE**

Serial: 211239

**IN THE SUPREME COURT OF MISSISSIPPI**

**FILED**

MAR 08 2017

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

No. 2017-M-00256

*IN RE: JAMES R. BOBO*                                        *Petitioner*

## <u>ORDER</u>

This matter is before the panel of Randolph, P.J., Kitchens and Coleman, JJ., on the

Emergency Petition for Writ of Prohibition and/or Mandamus Protection from Compelled

Testimony at Own Probable Cause Hearing & Additional Grounds Warranting Extraordinary

Relief filed by James R. Bobo. After due consideration, the panel finds that Bobo has not

first sought relief in the trial court and that the petition should be dismissed without

prejudice.

IT IS THEREFORE ORDERED that the Emergency Petition for Writ of Prohibition

and/or Mandamus Protection from Compelled Testimony at Own Probable Cause Hearing

& Additional Grounds Warranting Extraordinary Relief filed by James R. Bobo is dismissed.

SO ORDERED, this the ____ day of March, 2017.

_____
MICHAEL K. RANDOLPH, PRESIDING JUSTICE