

**STATE OF MISSISSIPPI
DEPARTMENT OF CORRECTIONS
PELICIA HALL
INTERIM COMMISSIONER**

Sean K. Smith                                                Corrections Investigation Division
Director                                                     (601) 359-5611 · 5688 (FAX)

TO:          James Bobo, Internal Affairs Coordinator, CID, MS State Penitentiary (MSP)

From:       Sean K. Smith, Director, CID

Date:        February 3, 2017

Re:          **WRITTEN REPRIMAND**

This will serve as an official notification to you that you are hereby issued a Written Reprimand in that you have violated the following Mississippi State Employee Handbook Rule and/or current policies set by the Mississippi Department of Corrections.

Offense Group 2, #1: "Insubordination, including, but not limited to, resisting management directives through actions and/or verbal exchange, and/or failure or refusal to follow supervisor's instructions, perform assigned work or otherwise comply with applicable established written policy."

*Specifically: On November 21, 2016, as a MSP CID Internal Affairs Coordinator, you were involved in a verbal and physical altercation with the MDOC Superintendent of MSP.*

You are hereby counseled and encouraged to become familiar with rules, regulations, memorandums and other written policies and directives relating to your job performance. The consequence of additional infractions could result in further disciplinary action.

You are advised that this action, as with all disciplinary action, is grievable. For guidance and assistance, you are referred to your MS State Employee's handbook and the Personnel office. The employee's signature on this document is an acknowledgement of receipt and knowledge that a copy of this document will be placed in his/her Personnel file. The employee's signature in no way indicates his/her concurrence with this action.

_____                 _____
EMPLOYEE'S SIGNATURE                                                  DATE/TIME

*Sean K Smith* (signature)
_____                 _____
SUPERVISOR'S SIGNATURE                                       DATE/TIME

Pc:      Personnel File
          Employee
          Supervisor

633 NORTH STATE STREET · JACKSON, MISSISSIPPI 39202

APPENDICES

## MISSISSIPPI STATE PERSONNEL BOARD
## GRIEVANCE FORM

| | |
|---|---|
| Agency MS Dept of Corrections | Date 2/8/2017 |
| Name James R Boto | Job Classification Internal Affairs Coordinator |
| Mailing Address 9 Parchman Road 29 Parchman MS 38738 | Telephone Number(s) 662-907-3623 |

**GRIEVANCE STATEMENT** *(Include identity of grievant and witnesses, if any.)*

See attached Documents for Statement & witness list

**RELIEF SOUGHT**

Removal of reprimand from Personal file

Grievant's Signature: [signature] 2/8/17

**STEP ONE: Decision of Immediate Supervisor**

Request Denied

Supervisor's Signature [signature]
Date 2/15/17

Employee Answer

[initials SRB 2/23/17]

☐ I am satisfied with the answer to my grievance.

☒ I am not satisfied with the answer to my grievance and wish to have it advanced to the next step.

Appendices – Page 1

Mississippi State Employee Handbook
Effective Date July 1, 2016

| STEP TWO: Reply to Employee Grievance, Next Level of Management | | |
|---|---|---|
| | | |
| Supervisor's Signature | | |
| Date | | |
| Employee Answer | | I am satisfied with the answer to my grievance. |
| | | I am not satisfied with the answer to my grievance and wish to have it advanced to the next step. |
| STEP THREE: Agency Decision | | |
| *Request Denied. See attached response.* | | |
| Signature | *Felicia E. Hall* | |
| Date | 5/1/17 | |

Date: February 8, 2017
From: James R. Bobo, IAC

Based on the requirements of the Mississippi State Employees Handbook, it is hereby requested that the following witnesses be called to the hearing, in the matter of a Written Reprimand dated February 3, 2017, and issued to James R. Bobo on February 6, 2017:

Marshall Fisher, Commissioner, MS Department of Public Safety
Pelicia Hall, Interim Commissioner, MS Department of Corrections
Sean Smith, Director, CID, MS Department of Corrections
Earnest Lee, Superintendent, MSP, MS Department of Corrections
John Rogers, Chief Investigator, CID, MSP, MS Department of Corrections
William Carter, Internal Affairs Coordinator, CID, MS Department of Corrections
John Hunt, Integrity Investigator, MS Department of Corrections
Justin Terrell, Integrity Investigator, MS Department of Corrections
Kevin Gamble, K-9, MS Department of Corrections
Larry Craig, K-9, MS Department of Corrections
Leather Williams, K-9, MS Department of Corrections
Tommy Herring, K-9, MS Department of Corrections
Triston Harris, K-9, MS Department of Corrections
Timothy Morris, Warden, Area I, MSP, MS Department of Corrections
Fred Townsend, Correctional Commander (resigned)
Michael Scruggs, MSP Transportation, MS Department of Corrections

FROM: James R. Bobo, IAC
DATE: February 8, 2017
RE: Grievance Statement

## I. INTRODUCTION

This document shall serve as the grievance statement in the appeal of the Mississippi Department of Corrections' decision to issue a Written Reprimand to James R. Bobo, Internal Affairs Coordinator, Corrections Investigation Division (CID), Mississippi State Penitentiary (MSP).

## II. BASIS FOR RESPONSE

On February 6, 2017, Investigator Bobo, was issued a Written Reprimand by Sean K. Smith, Director, CID, which was dated February 3, 2017 for violation of the Mississippi State Personnel Board Group II Offense No. 1, which reads *"Insubordination, including, but not limited to, resisting management directives through actions and/or verbal exchange, and/or failure or refusal to follow supervisor's instruction, perform assigned work, or otherwise comply with applicable established written policy."*

The written reprimand, being a form of formal discipline makes a cursory allegation that Investigator Bobo acted in an insubordinate manner by being involved in a verbal and physical altercation with the MDOC Superintendent of MSP (Earnest Lee) on November 21, 2016.

## III. DIRECT RESPONSE

Quite simply, the Written Reprimand fails under any standard of due process.

1. All written reprimands must clearly state that it is a written reprimand and state the specific conduct of the employee and the particular offense committed (See, Employee Handbook Ch. 7 at P. 5). Glaringly absent from the formal disciplinary document is revelation of the particular offense this conduct is alleged to violate.

2. Based on the information contained within the reprimand, which again fails to meaningfully comply with the requirements of the Employee Handbook, the accusation(s) within the reprimand are unsubstantiated. Accordingly, it is contested that there is no eligible criteria for it to be placed into the personnel file and demand that it be removed.

## IV. CONTENTIONS

1. In addition to the above, this fails based on the following facts:

A. In an Investigative Memo dated January 3, 2017 (hereafter referred to as the memo), which was completed by Justin C. Terrell, Integrity Investigator, Central Office, Mississippi Department of Corrections, there is no mention of Investigator Bobo resisting, failing, or refusing the directions or orders of his immediate supervisor, John Rogers, Chief Investigator, CID, MSP.

B. In the memo, there is no mention of Investigator Bobo failing to perform his assigned work or otherwise comply with established written policy.

C. In the memo, there is no mention of Investigator Bobo resisting, failing, or refusing the directions or orders of Director Smith during the incident on November 21, 2016.

D. In the memo, there is no mention of Investigator Bobo resisting, failing, or refusing the directions or orders of Pelicia Hall, Chief of Staff, MDOC, during the incident on November 21, 2016.

E. In the memo there is no mention of Investigator Bobo resisting, failing, or refusing the directions or orders of Marshall Fisher, Commissioner, MDOC, during the incident on November 21, 2016.

F. In the memo, on page 2 paragraph 5, there is summary of the events that occurred concerning a heated discussion and one of two alleged physical altercations. The summary of the events reads as follows:

*"Approximately 45 minutes later, Supt. Lee met the K9 unit at the facility. They entered the conference room there and Supt. Lee immediately grabbed Officer Tyler by the left shoulder and stated come on let's go. Chief Rogers stepped in front of Officer Tyler and put his hand on his shoulder preventing him from standing up and leaving. Chief Rogers told Supt. Lee that Officer Tyler was not going anywhere and he was a suspect in an investigation as well as under arrest for assaulting CID. A heated discussion ensued and Inv. Bobo reached out in the direction of Officer Tyler and Supt. Lee as to gesture that Officer Tyler was not leaving. Supt. Lee grabbed Inv. Bobo by the wrist and Officer Scruggs, K9, grabbed Inv. Bobo yelling let him go to which Inv. Bobo informed him that he did not have Supt. Lee and Supt. Lee had hold of him. At that point, Supt. Lee let go of Inv. Bobo and Inv. Bobo began to audio record a few minutes of the events. Supt. Lee then began to speak to Officer Tyler and ask him questions about CID assaulting him. Inv. Bobo tried leaving the room and Supt. Lee blocked the door. Inv. Bobo then attempted to reach around Supt. Lee for the door and Supt. Lee could be heard saying "don't put your hands on me, cause I might have to put mines on you," to which Inv. Bobo responded, "you already did, remember?"*

In the above summary, it specifies that Superintendent Lee grabbed Investigator Bobo without cause and that Investigator Bobo was then grabbed by K-9 staff. There is no mention of Investigator Bobo initiating a physical altercation with any person in the immediate area.

G. Additionally, in the same referenced paragraph, the other altercation summarized by Investigator Cole reads as follows:

*"Inv. Carter collected evidence from Officer Tyler and after retrieving it, Supt. Lee grabbed Officer Tyler once more and stated they were leaving. Chief Rogers and Inv. Bobo were in another office at this time. Therefore, Inv. Carter stated that he didn't want to cause any trouble but could Supt. Lee and Officer Tyler wait for Chief Rogers return to make certain they had everything they needed. Inv. Carter was leaning against the doorway at this point and Supt. Lee grabbed him by the wrist in an effort to remove him from the doorway. Inv. Bobo was exiting the office he had been in when he noticed this physical altercation taking place. He then went to separate Supt. Lee from*

*Inv. Carter by extending his arm between the two when Supt. Lee turned around and slapped him with an open hand. Inv. Carter, Inv. Bobo and Supt. Lee were then grabbed and eventually separated by Inv. Gibbs and K9 officers."*

In the above summary, once again Superintendent Lee is identified as the aggressor. He (Lee) grabs Investigator Carter's wrist. When Investigator Bobo attempts to separate Investigator Carter and Superintendent Lee, Superintendent Lee slapped Investigator Bobo with an open hand. The memo states that all three were separated by Investigator Gibbs and K-9 staff. At no point does the summary state that Investigator Bobo was an initiator of the assault.

H. Furthermore, based on the information contained within the memo, the following conclusions were drawn by investigative staff:

i. *"CID was acting in a legal official capacity by interviewing Officer Tyler who initially consented to the encounter. Once possible evidence was noted on Officer Tyler, he was legally detained to preserve the integrity of the evidence."*

ii. *"Officer Tyler attempted to exit the room failing to obey lawful commands by CID."*

iii. *"Officer Tyler then assaulted Inv. Bobo by shoving him. He also resisted his arrest."*

iv. *"Supt. Lee denied the request for K9 by Chief Rogers and then arrived with K9 nearly 45 minutes after they were requested which is a major safety concern."*

v. *"Supt. Lee attempted to remove Officer Tyler from the room upon his arrival potentially removing evidence as well as interfering with a law enforcement investigation."*

vi. *"Supt. Lee then assaulted both Inv. Bobo and Inv. Carter by grabbing and pulling them by the wrist as well as by slapping Inv. Bobo."*

vii. *"Investigators Carter and Bobo never touched Supt. Lee in a manner that was malicious nor could it be determined for sure if they touched him at all. This was noted by all witnesses who saw any physical contact between the parties."*

viii. *"In this incident, it could not be determined that the CID Investigators did anything illegal or unethical. Also, it was noted that any actions taken by the investigators were in direct response to outside stimuli either from the officer under investigation or Supt. Lee."*

I. Accordingly, under these conclusions, the Investigation has established: The investigators, including Investigator Bobo, acted legally, ethically and within his official capacity with regards to interviewing and evidence preservation. Superintendent Lee is the aggressor towards Investigators Bobo & Carter and is the person who conducted himself in a manner that interferes with lawful exercise of their duties as peace officers, to wit:

1. Lee grabbed and/or struck Investigator Bobo during two (2) different occasions on November 21, 2016.

2. Preservation of evidence was necessary as to prevent Superintendent Lee from removing evidence from the custody of investigators thereby leading to a possible destruction or contamination of the same.

3. Lee initiated and endeavored to conduct himself in a manner as to cause these assaults for which Investigator Bobo was placed in a position to defend himself if necessary.

4. Integrity Staff concluded that the investigators, including Investigator Bobo, were simply responding to outside stimuli either from the suspect officer or Superintendent Lee.

In summary, Investigator Bobo was simply carrying out his assigned duties. In doing so, his performance was impaired by the actions of another whose conduct violated offenses found in Group III No. 8 of the MS State Employee Handbook along with section 5.9, "Workplace Violence," Lee's violation of 97-3-7, 97-35-7, and 97-9-73 of the Mississippi Code 1972, notwithstanding. It is this fact that negates the allegation in the reprimand that Investigator Bobo was intentionally combative with any staff member.

## V. CROSS-CLAIM TO STRIKE REPRIMAND

1. MDOC and/or their designee failed to adhere to the guidelines set forth in section 7.3 by:

A. Failing to provide *"written notice of a proposed disciplinary action which states with sufficient particularity what charges or allegations are being made concerning the employee* (James R. Bobo), *the proposed discipline which may be taken, and the opportunity for a conference with the appointing authority or designated representative allowing the employee to respond and present a defense to the allegations prior to final action by the appointing authority,"*

B. Failed to meet the required *"seven (7) working days prior to the conference,"* to issue the written notification before issuing a written reprimand.

C. Failed to allow the employee to *"respond and present a defense to the allegations"* which would include, but not be limited to, requesting witnesses, requesting documents related to the incident (including emails, investigative memos/reports, photos, etc.), and adequate time to prepare for the questioning of witnesses.

D. Failed to provide the employee ample opportunity to *"respond in writing to the allegations contained in the written notice."*

## VI. CONCLUSION

As previously explained in Sections I-V there exists no basis for this written reprimand nor any disciplinary action. Based on the conclusions drawn within the memo along with MDOC and/or their designee failure to adhere to the guidelines set forth in section 7.3 of the Mississippi State Employees Handbook, it is requested that the aforementioned reprimand be removed from the personnel file of James Bobo forthwith.



**STATE OF MISSISSIPPI**
**Department of Corrections**
PELICIA E. HALL
COMMISSIONER

Corrie W. Cockrell  (601) 359-5224
Staff Attorney
Office of the Commissioner

May 5, 2017

**BY UNITED STATES MAIL**
James Bobo
Internal Affairs Coordinator
9 Parchman Road 29
Parchman, Mississippi 38738

    Re:   *Correction Regarding Date of Grievance*

Dear Investigator Bobo:

This correspondence acknowledges that the May 1, 2017 letter you received from MDOC Commissioner Pelicia E. Hall indicates that your grievance was filed on March 8, 2017, when it was in fact filed on February 8, 2017. The March 8, 2017 date was merely a typographical error and had no bearing on the outcome of this matter.

                                                Sincerely,

                                                Corrie W. Cockrell

cc:   Erich Jerscheid, Esq. *(via e-mail)*



**STATE OF MISSISSIPPI**
**Department of Corrections**
PELICIA E. HALL
COMMISSIONER

May 1, 2017

James Bobo
Internal Affairs Coordinator
9 Parchman Road 29
Parchman, Mississippi 38738

    Re:   *Response to Grievance filed on March 8, 2017*

Dear Investigator Bobo:

The Office of the Commissioner is in receipt of your grievance, filed on March 8, 2017, requesting that the written reprimand which was issued on February 3, 2017, by Criminal Investigations Division Director Sean Smith be removed from your personnel file. The written reprimand was issued in response to a verbal and physical altercation between you and Superintendent Earnest Lee that occurred on November 21, 2016. Further, the conduct exhibited on the date of the incident on November 21, 2016, lacked sound professional judgment and was unbecoming of a law enforcement officer.

As you are aware, criminal charges related to this incident are currently pending in Sunflower County Circuit Court. Thus, due to the ongoing nature of that investigation, the requested relief is denied.

                                                   Sincerely,

                                                   Pelicia E. Hall
                                                   MDOC Commissioner

cc:    Personnel



**STATE OF MISSISSIPPI**
DEPARTMENT OF CORRECTIONS
PELICIA E. HALL
COMMISSIONER

## MEMORANDUM

TO:     JAMES BOBO, INTERNAL AFFAIRS COORDINATOR
         MISSISSIPPI STATE PENITENTIARY

FROM:   PELICIA E. HALL, COMMISSIONER

RE:     NOTICE OF SUSPENSION WITH PAY UNDER EXTRAORDINARY
         CIRCUMSTANCES

DATE:   MAY 19, 2017

You are hereby notified that you are suspended with pay from the Mississippi Department of Corrections effective May 19, 2017. This suspension is a result of a warrant being issued for your arrest on April 20, 2017, by the Sunflower County Circuit Court, and your subsequent arrest on May 19, 2017.

pc:     Jerry Williams, Deputy Commissioner
       Sharon Pepper, Human Resources Director
       Arleatha Williams, Personnel Office Director-MSP
       Earnest Lee, Superintendent-MSP
       Warden – Area
       Personnel
       Payroll

### RECORD OF RECEIPT OR MAILING

Signature _____

Date Received _____

Certified Mail # _____

Date Mailed _____



**STATE OF MISSISSIPPI**
**Department of Corrections**
PELICIA E. HALL
COMMISSIONER

Corrie W. Cockrell  (601) 359-5224
Staff Attorney
Office of the Commissioner

May 19, 2017

**BY ELECTRONIC AND UNITED STATES MAIL**
James Bobo
Internal Affairs Coordinator
9 Parchman Road 29
Parchman, Mississippi 38738

    Re:    *Revised Notice of Suspension*

Dear Investigator Bobo:

Please find enclosed notices of suspension dated May 19, 2017. Clarification was made to the initial notice regarding the action taken by the Sunflower County Circuit Court on April 20, 2017, so please disregard it. The revised notice is enclosed.

We apologize for any inconvenience.

Sincerely,

Corrie W. Cockrell
Staff Attorney

Enclosure

cc: Personnel File
     Erich Jerscheid, Esq.



**STATE OF MISSISSIPPI**
DEPARTMENT OF CORRECTIONS
PELICIA E. HALL
COMMISSIONER

# MEMORANDUM

**TO:** JAMES BOBO, INTERNAL AFFAIRS COORDINATOR
MISSISSIPPI STATE PENITENTIARY

**FROM:** PELICIA E. HALL, COMMISSIONER

**RE:** NOTICE OF SUSPENSION WITH PAY UNDER EXTRAORDINARY CIRCUMSTANCES – REVISED

**DATE:** MAY 19, 2017

You are hereby notified that you are suspended with pay from the Mississippi Department of Corrections effective May 19, 2017. This suspension is a result of the Sunflower County Circuit Court finding probable cause to issue an arrest warrant on April 20, 2017, and your subsequent arrest on May 19, 2017.

pc: Jerry Williams, Deputy Commissioner
Sharon Pepper, Human Resources Director
Arleatha Williams, Personnel Office Director-MSP
Earnest Lee, Superintendent-MSP
Warden – Area
Personnel
Payroll

**RECORD OF RECEIPT OR MAILING**

**Signature** _____

**Date Received** _____

**Certified Mail #** _____

**Date Mailed** _____