# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**STATE OF MISSISSIPPI BY:**                                                 **PLAINTIFF**
**AFFIDAVIT OF STEVEN TYLER**

**V.**                                                              **NO. 4:17-CV-79-DMB-JMV**

**JAMES R. BOBO, et al.**                                                       **DEFENDANTS**

## ORDER

Before the Court is the defendants' motion to remand. Doc. #14.

### I
### Procedural History

On May 25, 2017, in the Justice Court of Sunflower County, Mississippi, Steven Tyler executed: (1) a criminal affidavit charging that "James Bobo did purposely, knowingly and unlawfully cause bodily injury to Steven Tyler by grabbing him around the neck and choking him," Doc. #3-3; (2) a criminal affidavit charging that "John Rogers did purposely, knowingly and unlawfully cause bodily injury to Steven Tyler," Doc. #3-5; and (3) a criminal affidavit charging that "William Carter did purposely, knowingly, and unlawfully cause bodily injury to Steven Tyler," Doc. #3-25.

On June 5, 2017, Bobo, with the consent of Rogers and Carter, removed the state court actions associated with the charging affidavits to this Court. Doc. #1. In their notice of removal, the defendants allege that they are "law enforcement officers employed by the Mississippi Department of Corrections (MDOC) and who investigate federal civil rights violations of MDOC inmates when committed by facility-staff" and that the allegations of the charging affidavits relate to the execution of their duties. *Id*. at ¶¶ 4–13. The defendants assert jurisdiction under 28 U.S.C. § 1442 and 28 U.S.C. § 1443. *Id*. at ¶¶ 16–18.

On March 28, 2018, United States Magistrate Judge Jane M. Virden issued an order directing "defense counsel to thoroughly brief the bases for federal jurisdiction over this action." Doc. #7. The defendants never filed a brief as directed. Rather, on May 8, 2018, the defendants filed a motion to remand which states, "Upon further review of the facts and circumstances in this cause[,] the Petitioners are of the opinion that Sunflower County is a more appropriate forum for the disposition of this matter." Doc. #14. Tyler never filed a response to the motion to remand.

## II
## Analysis

In their motion to remand, the defendants appear to argue that this Court has jurisdiction over this action but that a discretionary remand is warranted because the various prosecutions are more appropriately tried in state court. Such a remand seems to be beyond this Court's authority. *See Buchner v. F.D.I.C.*, 981 F.2d 816, 819–20 (5th Cir. 1993) (discussing authority for discretionary remands). Nevertheless, because this Court finds that it lacks jurisdiction over this action, remand is warranted.

Under well-established federal law, "the party asserting federal jurisdiction … has the burden of demonstrating that jurisdiction is proper." *Lower Co. River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 921 (5th Cir. 2017) (quotation marks omitted). As explained above, the defendants' notice of removal invokes federal jurisdiction under 28 U.S.C. §§ 1442 and 1443.

Section 1442(a) provides:

A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on

2

account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

(2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States.

(3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties;

(4) Any officer of either House of Congress, for or relating to any act in the discharge of his official duty under an order of such House.

"To qualify for removal [under § 1442], defendants must show that they are persons within the meaning of the statute, that the defendants acted pursuant to a federal officer's directions and that a causal nexus exists between the defendants' actions under color of federal office and the plaintiff's claims." *Bartel v. Alcoa S.S. Co., Inc.*, 805 F.3d 169, 172 (5th Cir. 2015) (quotation marks omitted).

Section 1443, in turn, directs:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The Supreme Court has held that:

[A] removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality. Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt,

3

or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).

Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of (the) State. This provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case. Except in the unusual case where an equivalent basis could be shown for an equally firm prediction that the defendant would be denied or cannot enforce the specified federal rights in the state court, it was to be expected that the protection of federal constitutional or statutory rights could be effected in the pending state proceedings, civil or criminal.

*Johnson v. Mississippi*, 421 U.S. 213, 219–20 (1975) (quotation marks and citations omitted).

Here, the defendants' notice of removal fails to establish that they were acting at a federal officer's direction so as to justify jurisdiction under § 1442, or that the state court proceedings will deny them the ability to enforce a specified federal right so as to invoke jurisdiction under § 1443. Despite being given the opportunity to address these issues, the defendants have failed to do so. Accordingly, this Court lacks jurisdiction over this action.

### III
### Conclusion

For the reasons above, this case is **REMANDED** to the Justice Court of Sunflower County, Mississippi.[1]

**SO ORDERED**, this 8th day of August, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court remands this case on its own motion because the grounds for remand stated in the defendants' motion to remand are beyond the Court's authority. Accordingly, the Clerk of the Court is directed to terminate the defendants' motion to remand [14] as moot.